**Robert S. GORDON, Appellant,**

v.

**J. Paul MEEKS, as Judge of Probate of Jefferson County, Alabama, et al., Appellees.**

No. 24959.

United States Court of Appeals
Fifth Circuit.

April 22, 1968.

**4**

Charles Cleveland, Gordon, Cleveland & Chancey, Birmingham, Ala., for appellant.

Earl McBee, Maurice F. Bishop, J. M. Breckenridge, Birmingham, Ala., for all appellees except J. C. Blakey, as custodian of voting machines.

Bishop & Carlton, Birmingham, Ala., for J. C. Blakey, as custodian of voting machines.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

## PER CURIAM:

The Alabama Mayor-Council Act of 1955, governing the election of members of the city council of Birmingham, requires that the ballot of any voter who votes for a lesser number of candidates than the number of seats to be filled at that particular election shall not be counted for any candidate. In other words, in a Birmingham election in which five councilmen are to be elected the voter must vote for five candidates or his ballot will be considered a nullity. The purpose of this statute is obvious. It prohibits single shot voting whereby one may have his vote count five times as much for a particular candidate as that of the citizen who expresses choices for as many candidates as there are to be elected.

The plaintiff-appellant sought a declaratory judgment declaring the statute invalid and an injunction enjoining its enforcement. The District Judge entered an order granting defendant's motion to dismiss and denying plaintiff's motion for summary judgment. We affirm.

Appellant contends that nullifying his vote if he fails to vote for persons who may be unacceptable to him abridges privileges guaranteed by the Fourteenth Amendment. We cannot agree. We see nothing invidious, discriminatory, or impermissible in the state requiring, if it wishes, that its officials be chosen by a majority of all those participating in the election.

In any event, we regard the matter as settled by the Supreme Court in the recent case of Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45, in which it was held that in the selection of county and municipal governing bodies the states may not constitutionally prescribe of permit elections in which "votes of some residents have greater weight than those of others".

Affirmed.